UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
S.G.V.,

                      Petitioner,

- against -

KENNETH GENALO, Field Office Director of
Immigration and Customs Enforcement, et al.,


                    Respondents.
--------------------------------------------------------x

**MEMORANDUM AND ORDER**
26-CV-2893 (PKC)

PAMELA K. CHEN, United States District Judge:

The Court is in receipt of Respondents' Response, (Dkt. 7), to the Court's Show-Cause Order, (Dkt. 5). Although Respondents acknowledge *DaCunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), they assert that Petitioner is properly detained under 8 U.S.C. § 1226(a) ("Section 1226(a)"). (Dkt. 7, at 1–2.) Respondents, however, acknowledge that Petitioner was *initially* detained under 8 U.S.C. § 1225(b)(2)(A), and that they have since re-characterized Petitioner's detention authority as falling under Section 1226(a). (Declaration of Jan-Michael Brown ("Brown Decl."), Dkt. 7-1, ¶ 18 ("Petitioner was previously detained pursuant to INA § 235(b)(2)(A), 8 U.S.C. § 1225(b)(2)(A), until the Second Circuit issued its decision in *Barbosa da Cunha* on April 28, 2026. Petitioner was thereafter detained pursuant to INA § 236(a), 8 U.S.C. § 1226(a).").

Because Petitioner has resided in the United States for fourteen years, (Pet., Dkt. 1, ¶ 75), his detention is—and should always have been—governed by Section 1226(a). *See Da Cunha*, 175 F.4th at 73 ("Section 1226(a) plainly applies to noncitizens, like Petitioner, who are present in the United States, but charged as inadmissible for entering the country without inspection and admission."). That statute required Respondents to make an individualized custody determination, *prior to arrest*, as to whether detention is appropriate based on an assessment of danger and flight

risk. *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 316 (E.D.N.Y. 2025) (citing 8 C.F.R. § 1236.1(c)(8)); *see also* 8 C.F.R. § 236.1(c)(8) (requiring officer authorized to issue a warrant of arrest to determine that "release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding"); *Gopie v. Lyons*, No. 25-CV-05229-SJB, 2025 WL 3167130, at *2 (E.D.N.Y. Nov. 13, 2025) ("[J]udges have interpreted [Section 1226 and 8 C.F.R. 1236.1(c)(8)] this way: before or contemporaneous with detaining a noncitizen, there must be a custody determination."). As Respondents admit, Petitioner was arrested during an Immigration and Customs Enforcement ("ICE") action targeting "another individual," not Petitioner. (Brown Decl., Dkt. 7-1, ¶ 4.) Respondents do not point to anything in the record indicating that, *at the time of arrest*, ICE made an individualized custody determination to support a lawful arrest under Section 1226(a). Tellingly, Respondents only offer an "Initial Custody Determination" form, finding Petitioner to be a flight risk, that was filled out *one month after* Petitioner's arrest. (Custody Determination Form, Dkt 7-5, at 2.) Because Respondents detained Petitioner pursuant to the wrong statute, his due process rights were violated. *See Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 504 (S.D.N.Y. 2025); *Yao v. Almodovar*, 813 F. Supp. 3d 461, 476 (S.D.N.Y. 2025) (concluding that "ICE's discretion-free detention of [petitioner] abridged his rights under [Section] 1226 and violated due process," and compiling cases reaching the same solution).

The Court is deeply troubled by Respondents' post-hoc recharacterization of this unlawful arrest. As Respondents are no doubt aware, "an executive agency, like ICE, is bound by the bases it used to justify its decision—here the arrest and detention—in the first instance, not reasons it comes up with afterwards." *Inestroza Carbajal v. Frazier*, No. 26-CV-2778 (SJB), 2026 WL 1309265, at *1 (E.D.N.Y. May 12, 2026) (compiling cases). To allow the contrary would permit Respondents to flout the demands of due process and the regulations governing initial custody

determinations, *see id.* at \*2–3; *Matter of Li*, 29 I. & N. Dec. 66, 69 n.4 (BIA 2025) ("Once an alien is detained under section 235(b), DHS cannot convert the statutory authority governing her detention from section 235(b) to section 236(a) through the post-hoc issuance of a warrant." (citing 8 C.F.R. § 236.1(b)(1)), as well as erode the very principles of accountability and consistency integral to the administrative state, *see Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 22–23 (2020) (outlining the values behind preventing agencies from "invok[ing] belated justifications" (citing *Bowen v. Am. Hospital Assn.*, 476 U.S. 610, 643 (1986); *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 155 (2012); *SEC v. Chenery Corp.*, 318 U.S. 80, 94 (1943)); *Pastrana-Beltran v. Mullin*, No. 26-CV-2657 (RER), 2026 WL 1398609, at \*2 (E.D.N.Y. May 19, 2026) (rejecting a similar post-hoc recharacterization of detention authority under these grounds). In short, Respondent's proffered custody redetermination cannot cure the violation of Petitioner's due process rights at the time of arrest. The appropriate remedy, in such situations, is release. *See Chipantiza-Sisalema v. Francis*, No. 25-CV-5528 (AT), 2025 WL 1927931, at \*3–4 (S.D.N.Y. July 13, 2025); *Cardenas v. Almodovar*, No. 25-CV-9169 (JMF), 2025 WL 3215573, at \*3–4 (S.D.N.Y. Nov. 18, 2025); *Yao*, 813 F. Supp. 3d at 476–77 ("[A] bond hearing could not retrospectively cure the due process violation, which derived from her unlawful arrest and detention without the statutorily required exercise of discretion.").

The Court finds Respondents' arguments as to exhaustion and jurisdiction unpersuasive for the reasons stated in *Pastrana-Beltran*, 2026 WL 1398609, at \*3. In addition, the Court finds the timing of Respondents' recharacterization, which occurred *one day* after the Court's Order to Show Cause, (Custody Determination Form, Dkt. 7-5, at 2), to be particularly disingenuous, if not retaliatory and intended to thwart the Court's authority to issue writs of habeas corpus.

The Court grants the petition for writ of habeas corpus, (Pet., Dkt. 1). Respondents are directed to release Petitioner from custody immediately and no later than by Friday, May 29, 2026, at noon. Respondents are further directed to return to Petitioner any and all funds or property seized from Petitioner at the time of his arrest. Respondents are directed to certify compliance with the Court's Order by filing a letter on the docket no later than 5:30 p.m. on June 1, 2026. The Court further orders that Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release (including release on recognizance or similar instruments), without prior notice to and authorization from the Court, or absent a new and independently lawful custody decision properly executed under the law. Petitioner must not be re-detained by Respondents without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, at which Respondents will have the burden of showing that Petitioner's re-detention is authorized under Section 1226(a). Petitioner's deadline to apply for fees under the Equal Access to Justice Act is due within 30 days of a final judgment in this action, which, if Respondents do not appeal, is August 26, 2026. 28 U.S.C. § 2412(d)(1)(B). The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 28, 2026
      Brooklyn, New York